

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-1491
Re: Did the Certificate of Title
Act repeal the law which
requires the execution and
delivery of a bill of sale
by the owner of a car, and
the filing of one copy of
said bill of sale with the
tax collector of the county?

We are in receipt of your letter of September
21, 1939, in which you request an opinion of this de-
partment as to whether or not House Bill 407, which is
commonly called the Certificate of Title Act, repeals
the law which requires the execution and delivery of a
bill of sale by the owner of a car, and the filing of
one copy of said bill of sale with the tax collector of
the county.

In answering your question, in the first place,
it is to be pointed out that House Bill 407, which has
been incorporated into Vernon's Penal Code as Article
1436-1, contains no provision which would specifically
repeal any prior article. This act, however, does con-
tain a general repealing clause which provides that any
act or parts of an act in conflict with this later en-
actment are expressly repealed. Therefore, if the art-
icles which require the execution and delivery of a bill
of sale have been repealed by the Certificate of Title
Act, said repeal must be by implication.

NO COMMUNICATION IS TO BE CONSTRUED

Article 1434 of Vernon's Annotated Penal Code provides as follows:

"No person, acting for himself or another, shall sell, trade, or otherwise transfer any used or second-hand vehicle required to be registered under the laws of this State unless and until said vehicle at the time of delivery has been duly registered in this State for the current year under the provisions of said laws; provided, however, that a dealer may demonstrate such motor vehicle for the purpose of sale, trade or transfer under a dealer's license plate issued such dealer for demonstration purposes. Whoever, acting for himself or another, sells, trades or otherwise transfers any such vehicle shall deliver to the transferee at the time of delivery of the vehicle the license receipt issued by a Tax Collector of this State for the registration thereof for the current year and a bill of sale in triplicate. Whoever, acting for himself or another, sells, trades or otherwise transfers any second-hand or used vehicle without delivering to the transferee at the time of delivery of the vehicle the license receipt issued therefor for the current year and a bill of sale thereto in triplicate as herein required shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars. A copy of such bill of sale may be required to be sent by such Collector to the Highway Department."

Article 1435 of Vernon's Annotated Penal Code provides as follows:

"One copy of the bill of sale required to be delivered to the transferee of a used or second-hand car under the terms of Article 1434, as amended by this Act, shall be retained by said transferee as evidence of title, and another copy shall be filed by the transferee within ten days from the date of the transfer with the County Tax Collector of the

county in which the transferee resides as an application for transfer of license, together with a transfer fee of twenty-five cents; provided, that if said transferee does not file said application within said ten days, and before the expiration of twenty days, a penalty or fee of Two Dollars and fifty cents ($2.50) shall be paid, and at the expiration of said twenty days a penalty or fee of Five ($5.00) Dollars shall be paid upon the filing of such application, such penalty shall be collected upon each application filed by any transferee. Said penalties shall be remitted to the Highway Department on Monday of each week as chauffeur's fees are now required to be reported and remitted. The Tax Collector and his bondsmen shall be liable for the penalties herein provided in the event such penalties are not collected. Bills of sale and transfer applications shall be made out in triplicate. One copy shall be sent to the State Highway Department by the 25th of the succeeding month, as may be prescribed by said Department. The same shall be on the form prescribed by said Department, except that the following information shall be shown as follows: 'State and County in which the same is executed.' 'That the ownership of the vehicle is transferred.' 'That said vehicle has been duly registered in the State for the current year.' 'Names and street addresses of the vendors and vendees.' 'Consideration.' 'State license number.' 'Engine number.' 'Name.' 'Model and year made.' The same shall be sworn to by the vendor.

"The Tax Collector and the Highway Department shall refer to the appropriate prosecuting attorneys, any false statements found in any bill of sale or any false certificates executed by any Notary Public or other officer.

"Any person who shall transfer a motor vehicle and execute the same wholly, or partly in blank, leaving out any information that is required to be given, and can be given,

shall be guilty of a misdemeanor, and shall
be fined in any sum not exceeding Two Hundred
($200.00) Dollars.

"Whoever violates any provision of this
Section for which no specific penalty is
fixed shall be guilty of a misdemeanor, and
shall be fined in any sum not exceeding Two
Hundred ($200.00) Dollars."

The above quoted articles require three copies
of a bill of sale to be delivered upon the sale of a
motor vehicle. The form of the bill of sale is prescribed
by the State Highway Department. One copy of the bill of
sale is filed with the county tax collector as an appli-
cation for a transfer of license. Both of these statutes
provide for fines in case of non-compliance. Under these
statutes the only muniment of title was the bill of sale.

We have carefully examined the Certificate of
Title Act, and have concluded that there is nothing
therein relative to the transfer of the certificate of
title upon the sale of a motor vehicle which is in con-
flict and inconsistent with the statutes which require
the delivery of a bill of sale upon the consumption of
such a transaction. Therefore, if the bill of sale stat-
utes are repealed, it is only because we might say that
the Legislature has enacted a new statute which embraces
the same subject matter as the bill of sale statutes,
which latter statute is intended to cover the entire
subject matter to the exclusion of all other prior
enactments. This type of repeal has been recognized by
the courts of this State.

In 1849 the Supreme Court of Texas in the case
of Bryan v. Shunberg, in an opinion written by Judge
Wheeler, said:

"But when the new statute in itself
comprehends the entire subject and creates
a new, entire, and independent system re-
specting the subject matter, it is univer-
sally held to repeal and supersede all pre-
vious systems and laws respecting the same
subject matter."

In dealing with this particular question, the Commission of Appeals of Texas, in the case of First National Bank v. Lee County Cotton Oil Co., 274 S. W. 127, quoted from the case of Rogers v. Watrous, Supreme Court of Texas, 8 Texas 65, as follows:

"A subsequent statute revising the subject matter of the former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied. So though a subsequent statute be not repugnant in its provision to a former one, yet if it was clearly intended to prescribe the only rules which should govern, it repeals the prior statute."

The court also quoted from the case of State v. Houston Oil Commission of Texas, 194 S. W. 452, as follows:

"The rule is well settled that, when a subsequent statute shows by its context that it was intended to embrace all the law upon the subject dealt with, such statute, will, by implication, repeal all former laws relating to the same subject. The correctness of that rule is not controverted, and it is unnecessary to cite authorities in support of it."

In discussing the question of whether the Certificate of Title Act in treating with the transfer of motor vehicles covers the entire subject matter so as to repeal by implication the bill of sale statutes, a number of sections of the Certificate of Title Act are important to note:

"Sec. 24. The term 'Certificate of Title' means a written instrument which may be issued solely by and under the authority of the Department, and which must give the following data together with such other data as the Department may require from time to time:

(a) The name and address of the purchaser and seller at first sale or transferee and transferer at any subsequent sale.
(b) The make.
(c) The body type.
(d) The motor number.
(e) The serial number.
(f) The number of the license plates current-ly assigned thereto and the State of issuance, whether in this or any other State.
(g) The names and addresses and dates of any liens on the motor vehicle, in chronological order of recordation.
(h) If no liens are registered on the motor vehicle, a statement of such fact.
(I) A space for the signature of the owner and the owner shall write his name with pen and ink in such space upon receipt of the certificate.

"Sec. 25. The term 'Department' means the Department of Public Safety of the State of Texas."

\* \* \*

"Sec. 27. Before Selling or disposing of any motor vehicle required to be registered or licensed in this State on any highway or public place within this State, except with dealer's metal or cardboard license number thereto attached as now provided by law, the owner shall make application to the designated agent in the county of his domicile upon form to be prescribed by the Department for a cer-tificate of title for such motor vehicle."

\* \* \*

"Sec. 32. Every designated agent within this State shall, on the same day issued by him, forward to the Department, under regis-tered prepaid postage, copies of all receipts issued by him together with such evidences of title as may have been delivered to him by the several applicants and the Department, within five (5) days after receiving such ap-plication, if upon inspection thereof it is

satisfactorily shown that the certificate of
title should issue, shall issue certificate
of title and send the same to the address of
the applicant as given in his application.

"Sec. 33. No motor vehicle may be dis-
posed of at subsequent sale unless the owner
designated in the certificate of title shall
transfer the certificate of title on form to
be prescribed by the Department before a
Notary Public, which form shall include,
among such other matters as the Department
may determine, an affidavit to the effect that
the signer is the owner of the motor vehicle,
and that there are no liens against such motor
vehicle, except such as are shown on the cer-
tificate of title and no title to any motor
vehicle shall pass or vest until such transfer
be so executed."

\* \* \*

"Sec. 38.  The Department shall refuse
issuance of a certificate of title, or having
issued a certificate of title, suspend or re-
voke the same, upon any of the following grounds:

(a) That the application contains any
false or fraudulent statement, or that the
applicant has failed to furnish required informa-
tion requested by the Department, or that the
applicant is not entitled to the issuance of a
certificate of title under this Act.
(b) That the Department has reasonable
ground to believe that the vehicle is a stolen
or converted vehicle as herein defined, or
that the issuance of a certificate of title
would constitute a fraud against the rightful
owner or a mortgagee.
(c) That the registration of the vehicle
stands suspended or revoked.
(d) That the required fee has not been
paid."

* * * *

"Sec. 51. It shall hereafter be unlawful for any person, either by himself or through any agent, to offer for sale or to sell or to offer as security for any obligation any motor vehicle registered or licensed in this State without then and there having in his possession the proper receipt or certificate of title covering the motor vehicle so offered.

"Sec. 52. It shall hereafter be unlawful to buy or acquire any title other than a lien in a motor vehicle registered or licensed in this State without then and there demanding of the proposed seller the registration receipt and certificate of title covering the particular motor vehicle which shall, upon consummation of the purchase, be transferred upon such form as may be provided by the Department.

"Sec. 53. All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with."

An analysis of the above quoted sections of the Certificate of Title Act shows that before any motor vehicle may be sold in Texas, it is necessary to obtain a certificate of title. To obtain such a certificate it is necessary to prove to the Department of Public Safety that the applicant is the actual owner of the motor vehicle. It is also necessary, upon the sale of such motor vehicle, to execute a transfer of the certificate of title on a form which is prescribed by the Department of Public Safety. The Act further makes it a criminal offense not to comply with the above quoted provisions concerning such a transfer. The Act further provides that if the provisions concerning such a transfer are not complied with, the sale is made in violation of this Act and is null and void, and no title passes until the provisions of this Act have been

complied with. From these provisions it may be said that the Legislature intended that the only muniment of title to be looked to should be the certificate of title. The procedure of executing and transferring a certificate of title is undoubtedly a duplication of the procedure involved in the delivery and filing of a bill of sale. Also, the information contained in the two instruments is almost analogous, it may be noted.

In this connection we would like to point out argumentatively that Article 1434, supra, requires the transfer of the registration receipt, and that this same requirement was brought forward into the Certificate of Title Act in Section 52, supra. The Legislature did not, however, by way of comparison, specifically put into the new Act the requirement of the delivery of a bill of sale.

While it is the opinion of this department that it is now unnecessary to deliver a bill of sale upon the sale of a motor vehicle, still in all probability, until the courts of this State decide the question, there will be many vendors of motor vehicles who will deliver a bill of sale to their vendees and deliver two copies of the same to the county tax collector as heretofore. In such cases you are advised that the tax collector should handle said copies of the bill of sale in the same manner as he did prior to the passage of the Certificate of Title Act. We wish to point out that, despite this, in all motor vehicle sales it will be necessary that there be a strict compliance with the provisions of the Certificate of Title Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/    Billy Goldberg
          Billy Goldberg
          Assistant

BG:LM
APPROVED NOV 20, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN
OK GRL